IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LILLIAM ALONSO MARTINEZ<br><br>Plaintiff<br><br>vs.<br><br>AETNA INSURANCE COMPANY (AETNA);<br>UNITED PARCEL SERVICE, INC.<br><br>Defendants | CIVIL NO. 10-1870<br><br>LONG TERM DISABILITY BENEFITS<br>(ERISA) |

## ANSWER TO THE COMPLAINT

**TO THE HONORABLE COURT:**

    **COME NOW** defendants Aetna Life Insurance Company ("AETNA") and United Parcel Service, Inc. ("UPS"), through their undersigned attorneys, and respectfully state, allege and pray as follows:

I.    <u>NATURE OF THE ACTIONS</u>:

    1.1   The allegations set forth in paragraph 1.1 of the Complaint are denied.

II.    <u>JURISDICTION AND VENUE</u>:

    2.1   As to Paragraph 2.1 of the Complaint, it raises a matter of law that does not require a response from Defendants. In the event an answer is required, it is denied.

    2.2   As to Paragraph 2.2 of the Complaint, it raises a matter of law that does not require a response from Defendants. In the event an answer is required, it is denied.

III.    <u>PARTIES</u>:

    3.1   The allegations set forth in the first sentence of paragraph 3.1 of the complaint are denied for lack of information. As to the allegations set forth in the second

sentence of paragraph 3.1 it is only admitted that plaintiff was employed by UPS as a full time administrative assistant, but deny that "administrative assistant" was the formal title of plaintiff's position. The remaining allegations set forth in the second sentence of paragraph 3.1 of the Complaint are also denied. Anything inconsistent with what is expressly admitted is also denied.

3.2   The allegations set forth in the first sentence of paragraph 3.2 are admitted. The allegations set forth in the second sentence of paragraph 3.2 are denied. Appearing parties affirmatively allege that AETNA did not issue a long term disability plan or policy to UPS.

3.3   The allegations set forth in the first sentence of paragraph 3.3 of the complaint are admitted. With respect to the allegations set forth in the second sentence of paragraph 3.3, it is only admitted that UPS was plaintiff's employer. The remaining allegations set forth in the second sentence of paragraph 3.3 are denied. Anything inconsistent with what is expressly admitted is also denied. It is affirmatively alleged that UPS is not liable for any of the claims raised in this complaint.

3.4   The allegations set forth in paragraph 3.4 of the complaint are not directed to appearing defendants and therefore do not require a responsive answer from them. In the event that an answer is required, the allegations set forth in paragraph 3.4 are denied.

IV.   F<small>ACTS</small>:

4.1   Appearing defendants incorporate by reference each and every of the previous answers to paragraphs 1.1 through 3.4 of the complaint.

4.2   The allegations set forth in paragraph 4.2 of the complaint are denied. It is affirmatively alleged that AETNA has not issued a long term disability policy to UPS and that plaintiff was not a beneficiary, covered or otherwise, of a long term disability policy issued by AETNA.

4.3   The allegations set forth in paragraph 4.3 of the complaint are denied.

4.4   The allegations set forth in paragraph 4.4 of the complaint are denied.

4.5   With respect to the allegations set forth in paragraph 4.5 of the complaint it is only admitted that plaintiff was an employee of UPS for 24 years. The remaining allegations set forth in paragraph 4.5 of the complaint are denied, as well as anything that is inconsistent with what is expressly admitted. It is affirmatively alleged that plaintiff is a forty three years old woman.

4.6   With respect to the allegations set forth in paragraph 4.6 of the complaint, it is only admitted that plaintiff took a medical leave of absence beginning on January 24, 2008 due to pregnancy complications. The remaining allegations set forth in paragraph 4.6 of the complaint are denied, as well as anything that is inconsistent with what is expressly admitted.

4.7   The allegations set forth in paragraph 4.7 of the complaint are denied.

4.8   The allegations set forth in paragraph 4.8 of the complaint are denied.

4.9   The allegations set forth in paragraph 4.9 of the complaint are denied.

4.10  The allegations set forth in paragraph 4.10 of the complaint are denied for lack of information.

4.11  With respect to the allegations set forth in paragraph 4.11 of the complaint, it is admitted that on January 25, 2008 Aetna communicated with plaintiff

regarding her short term disability benefits claims. The remaining allegations set forth in paragraph 4.11 of the complaint are denied as drafted. Anything inconsistent with what is expressly admitted is also denied.

    4.12 The allegations set forth in paragraph 4.12 of the complaint are admitted.

    4.13 With respect to the allegations set forth in paragraph 4.13 of the complaint, it is only admitted that on July 6, 2009 Aetna informed plaintiff that it was terminating long term disability benefits beyond July 31, 2009 and that it was closing her claim. The remaining allegations set forth in paragraph 4.13 are denied, as well as anything inconsistent with what is expressly admitted.

    4.14 The allegations set forth in paragraph 4.14 of the complaint are denied.

    4.15 With respect to the allegations set forth in paragraph 4.15 of the complaint it is admitted that after being denied long term disability benefits, plaintiff continued to pursue her administrative remedies by filing an appeal of the denial. The remaining allegations set forth in paragraph 4.15 of the complaint are denied, as well as anything that is inconsistent with what is expressly admitted.

    4.16 With respect to the allegations set forth in paragraph 4.16 of the complaint it is only admitted that in support of plaintiff's request for review of her long term disability benefits claim plaintiff submitted additional medical evidence. The remaining allegations set forth in paragraph 4.16 are denied, as well as anything that is inconsistent with what is expressly admitted.

    4.17 The allegations set forth in paragraph 4.17 of the complaint are admitted.

    4.18 The allegations set forth in paragraph 4.18 of the complaint are denied as drafted.

4.19 The allegations set forth in paragraph 4.18 of the complaint are denied.

4.20 The allegations set forth in paragraph 4.19 of the complaint are denied.

4.21 The allegations set forth in paragraph 4.21 of the complaint do not require a responsive answer, since they represent plaintiff's opinion and not a factual allegation. However, in the event that an answer is required, these allegations are denied.

4.22 With respect to the allegations set forth in paragraph 4.22 of the complaint, it is only admitted that after Aetna's appeal decision plaintiff continued to pursue her administrative remedies by filing an appeal of said decision to the Claims Review Committee. The remaining allegations set forth in paragraph 4.22 of the complaint are denied, as well as anything that is inconsistent with what is expressly admitted.

4.23 With respect to the allegations set forth in paragraph 4.23 of the complaint, it is only admitted that on December 14, 2009 the Claims Review Committee notified plaintiff that it had denied long term disability benefits on appeal and that its decision was final. The remaining allegations set forth in paragraph 4.23 of the complaint are denied, as well as anything that is inconsistent with what is expressly admitted.

4.24 The allegations set forth in paragraph 4.24 of the complaint are denied.

4.25 The allegations set forth in paragraph 4.25 are admitted to the extent they refer to plaintiff's long term disability benefits. They are denied to the extent they apply to their claim under the UPS Pension Plan.

V. <u>FIRST CLAIM FOR RELIEF OF ALLEGED WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. §1132</u>:

5.1  With respect to paragraph 5.1 of the complaint, appearing defendants incorporate by reference each and every of the previous answers to paragraphs 1.1 through 4.25 of the complaint.

5.2  The allegations set forth in paragraph 5.2 of the complaint are denied in their entirety.

VI. <u>SECOND CLAIM FOR ALLEGED BREACH OF FIDUCIARY DUTY UNDER ERISA AGAINST AETNA AND FOR ALLEGED BREACH OF CONTRACTUAL DUTIES AGAINST UPS</u>:

6.1  The allegations set forth in paragraph 6.1 of the complaint are denied in their entirety.

VII. <u>PLAINTIFFS' PRAYER FOR RELIEF</u>:

7.1  The paragraph following paragraph 6.1 of the Complaint, which begins with the word "WHEREFORE" and includes subparagraphs "1", "2", "3" and "4", contains Plaintiff's prayer for relief to which a response is not required.  To the extent a response is required the same is denied.

7.2  All other allegations set forth in the Complaint which have not been specifically and expressly admitted are hereby denied.

**AFFIRMATIVE DEFENSES**

1.  All or some of Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq., because they relate to employee benefit plans that are governed by ERISA.  As a result, Plaintiffs' remedies, if any, are limited to the remedies available under the civil enforcement provisions of ERISA.  The employee benefit plans to which plaintiff's

6

claims relate to are the UPS Health Care Plan for Puerto Rico (the "Health Care Plan"), a welfare benefit plan, and to the UPS Pension Plan (the "Pension Plan"), a pension benefit plan.

2. The Health Care Plan was established and is sponsored and administered by United Parcel Service of America, Inc. ("UPS of America"). UPS of America is not a party to this complaint.

3. The Health Care Plan offers different health-related group coverage to UPS' eligible employees, including short term disability and long term disability coverage. The long term disability coverage (the "LTD Coverage") provides long term disability benefits to eligible employees that are totally disabled under the terms of the LTD Coverage.

4. The long term disability benefits offered under the LTD Coverage are not insured and, therefore, are not provided by an insurance policy. Rather, the LTD Coverage is self-insured and benefits are paid under a special trust established by UPS of America known as the Voluntary Employee Beneficiaries Association Trust (VEBAT).

5. Aetna is the LTD Coverage's third party claims administrator and is the entity with discretionary authority to interpret the terms of the LTD Coverage, and to process, evaluate and decide long term disability benefit claims under the LTD coverage, and the first of two available appeals of a denied long term disability benefits claim. It is also the entity with authority to determine the amount, if any, of benefits that would paid under the LTD coverage. Aetna is not responsible for paying long term disability benefits.

6. The UPS Claims Review Committee is the entity with discretionary authority to interpret the terms of the Health Care Plan and LTD Coverage, and to evaluate and decide a second appeal of a denial of a long term disability benefit claim under the LTD Coverage. The UPS Claims Review Committee's determination after a review of a second appeal of a long term disability benefits claim is final.

7. UPS is not the Health Care Plan's, the LTD Coverage's or the Pension Plan's administrator, claims administrator. It is also not a fiduciary of any of those Plans/coverage.

8. UPS is not in charge of, is not responsible for, and is not involved, in any way, in processing, reviewing, evaluating, approving or denying requests for long term disability benefits under the LTD Coverage, nor is it responsible for notifying benefit claims determinations.

9. UPS did not process, review, approve or deny plaintiff's long term disability benefits claim under the LTD Coverage.

10. ERISA preempts all state laws and state law causes of actions that relate to the Health Care Plan (and its LTD Coverage) and to the Pension Plan. Therefore, plaintiff's breach of contractual duties claim is preempted by ERISA to the extent it is raised under state law.

11. The Complaint fails to state a claim upon which relief can be granted.

12. The action is totally or partially time barred by the appropriate statute of limitations.

13. Plaintiffs failed to exhaust administrative remedies.

14. All or some of Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and laches, and/or by the doctrines of waiver and release.

15. UPS is not a proper defendant in this claim.

16. At all times appearing defendants acted in good faith and complied with its legal obligations, if any. Appearing defendants did not act, at any time, in bad faith and/or negligently.

17. Plaintiff is not entitled to the remedies requested.

18. Plaintiff failed to join several indispensable parties whose joinder is required for the fair adjudication of this action.

19. Plaintiff is estopped from bringing this action by her own conduct or by law.

20. Appearing defendants have acted at all times within its contractual obligations, if any, in accordance with the terms of the Health Care Plan's (which includes the LTD Coverage) and Pension Plan's governing documents, and with the applicable provisions of ERISA.

21. Appearing defendants are not liable towards plaintiff under the facts alleged in the complaint.

22. Appearing defendants at all relevant times complied with all federal, state and all other applicable regulations and laws.

23. The decision to terminate plaintiff's long term disability benefits and deny her long term disability benefits claim was not arbitrary or capricious, and it was made in accordance with the terms of the Health Care Plan and LTD Coverage.

24. Appearing defendants have fully complied with all of its obligations, if any, under ERISA, and under any other applicable law. They have not violated plaintiffs' rights under such statutes. Appearing defendants have also complied with the applicable provisions of the Health Care Plan, including its LTD Coverage, and of the Pension Plan.

25. The Health Care Plan and the LTD Coverage are governed by the terms and conditions established in their governing documents. Also, any entitlement to long term disability benefits under the LTD Coverage provided by the Health Care Plan is evaluated and determined pursuant to the terms and conditions of such governing documents and ERISA.

26. The Pension Plan is governed by the terms and conditions established in its governing documents and ERISA.

27. Plaintiff's employment with UPS terminated on September 21, 2009. Once her employment terminated she ceased to be eligible to continue to accrue eligibility credit, service credit and pension benefits under the Pension Plan. Plaintiff is only entitled to the vested pension benefits accrued, if any, while she was an employee of UPS, subject to the terms of the Pension Plan.

28. Plaintiff has never filed a claim with the Pension Plan administrator related to the accrual of eligibility credit, service credit and benefits under such Plan.

29. Entitlement to long term disability benefits under the LTD Coverage does not entitle an employee to continue to accrue eligibility credit, service credit or benefits under the Pension Plan.

30. Plaintiff is not entitled to a recalculation of plaintiff's future pension payments under the Pension Plan.

31. Plaintiff is not entitled to any long term disability benefits under the terms of the Health Care Plan's LTD Coverage.

32. Plaintiff is not disabled under the terms of the Health Care Plan's LTD Coverage. Also, plaintiff did not meet the terms and conditions required under the LTD Plan to be entitled to benefits.

33. Plaintiff failed to prove that she was disabled under the terms of the Health Care Plan's LTD Coverage.

34. Plaintiff failed to submit objective medical documentation that support a disability, as that term is defined by the Health Care Plan's LTD Coverage, and determined by the Claims Administrator.

35. The review of the denial of plaintiff's long term disability benefits claim must be based solely on the medical evidence that was before the claims administrator at the time it took the decision to deny such benefits, and the terms of the Health Care Plan's LTD Coverage's terms.

36. Appearing defendants have not, at any time, breached any contractual obligations it may have, if any, towards plaintiff.

37. Appearing defendants reserve the right to amend this Answer to the Complaint by adding additional affirmative defenses or counterclaims as further investigation, discovery, and circumstances may warrant.

**WHEREFORE**, appearing defendants pray that:

1.	Plaintiffs' Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of appearing defendants.

2.	Plaintiffs get nothing for their Complaint.

3.	The Court awards appearing defendants theirs costs and attorneys´ fees.

4.	The Court awards appearing defendants such further relief as it deems just and proper.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification which will send notification of such filing to plaintiff's counsel.

In San Juan, Puerto Rico, this 24th day of December, 2010.

**s/Arturo Bauermeister Baldrich**
Arturo Bauermeister Baldrich
USDC-PR No. 127207

**s/María Isabel Rey Cancio, Esq**.
María Isabel Rey Cancio
USDC-PR No. 213211

Attorneys for Defendants
Fiddler, González & Rodríguez, PSC
P. O. Box 363507
San Juan, PR 00936-3507
Tel.	(787) 759-3122;
	(787) 759-3146
Fax:	(787) 250-7555
E-mail: abauerme@fgrlaw.com
	mrey@fgrlaw.com

#823460
O/F 827-844

12